U.S. BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
Orlando Division

In re:

EXCELETECH COATING AND
APPLICATIONS, LLC,

    Debtor.
_____/

Chapter 11
Case No. 6:18-bk-00263-KSJ
Hon. Karen S. Jennemann

**CONTINUING OBJECTION BY THE PAINTERS' FRINGE
BENEFIT FUNDS TO DEBTOR'S FINAL ORDER
AUTHORIZING DEBTOR TO USE CASH COLLATERAL**

The International Painters and Allied Trades Fringe Benefit Funds[1] (the "National Funds") and Southern Painters District Council 78 Fringe Benefit Funds[2] (the "Local Funds")(hereinafter, collectively, the "Funds") by and through their counsel, state their continuing objection to the *Preliminary Order Granting Debtor-in-Possession's Expedited Amended Motion for Authority to Use Cash Collateral Nunc Pro Tunc to January 17, 2018 and Setting Final Hearing* (the "Interim Cash Collateral Order") [Docket No. 28] as follows:

1.    Debtor initiated the above-captioned Chapter 11 bankruptcy by the filing of its voluntary petition under Chapter 11 of the United States Bankruptcy Code on January 17, 2018 (the "Petition Date") and has thereafter continued to act as debtor-in-possession.

---

[1] The International Painters and Allied Trades Fringe Benefit Funds consist of: the International Painters and Allied Trades Industry Pension Fund, the Finishing Trades Institute, the Political Action Together Fund and the Painters and Allied Trades Labor Management Cooperation Initiative.

[2] The Southern Painters District Council 78 Fringe Benefit Funds consist of: the Southern Painters Welfare Fund and the District Council 78 Finishing Trades Institute.

2. On January 23, 2018, Debtor filed its *Amended Motion for Authority to Use Cash Collateral, Nunc Pro Tunc to January 17, 2018, and Request for Expedited Preliminary Hearing and Certificate of Necessity of Request for Preliminary Hearing* (the "Cash Collateral Motion") [Docket No. 20].

3. Attached to the Motion as Exhibit A was a budget (the "Budget") showing Debtor's estimated revenue and estimated expenses for the first twelve weeks after the Petition Date. Debtor stated that the projected income and expenses set forth in the Budget corresponded to the cash collateral usage necessary to maintain operation of Debtor's business for that time period.

4. On February 2, 2018, this Court entered the Interim Cash Collateral Order. Among other things, the Interim Cash Collateral Order authorized the Debtor's use of cash collateral through the week of April 7, 2018 and set a continued hearing on the Cash Collateral Motion and any objection for April 11, 2018 at 2:00 p.m.

5. The Funds filed an objection (the "Objection") to entry of a final cash collateral order on March 16, 2018 [Docket No. 69]. Among other things, the Objection stated that the Interim Cash Collateral Order and Budget did not authorize Debtor to pay its contractually obligated fringe benefit contributions.

6. On May 1, 2018, this Court entered its *Consent Order Amending (i) Preliminary Order Granting Debtor-in-Possession's Expedited Amended Motion for Authority to Use Cash Collateral Nunc Pro Tunc to January 17, 2018 [Docket*

*No. 28], (ii) Resolving on an Interim Basis the Funds' Objection to Debtor's Final Order Authorizing Debtor to Use Cash Collateral [Docket No. 69], and (iii) Setting Final Hearing* (the "Consent Order") [Docket No. 86].

    7.    Among other things, the Consent Order:

    a.    amended the Budget and the Interim Cash Collateral Order, *nunc pro tunc* to January 17, 2018, to allow Debtor to use cash collateral to pay fringe benefit contributions to the Funds in the estimated amount $12,000.00 per month, subject to further adjustment, upward or downward, upon confirmation of the actual amounts necessary to pay such expense, or upon further order of the Court;

    b.    continued the hearing on the Cash Collateral Motion to June 13, 2015, at 2:45 p.m.; and

    c.    required Debtor to amend the Budget to cover the time period from the Petition Date (January 17, 2018) to the June 13, 2016 hearing date.

    8.    To date, Debtor has not amended the Budget to cover the time period from the Petition Date through the June 13, 2018 hearing date. Because the Interim Cash Collateral Order and attached Budget only authorized the Debtor's use of cash collateral through the week of April 7, 2018, Debtor has not had the ability to use Cash Collateral since that date. Accordingly, the Funds continue to object to finalization of the Interim Cash Collateral unless such final order amends the approved budget to authorize Debtor to use cash collateral to pay the

obligations owed to the Funds pursuant to the CBA going forward, as well as *nunc pro tunc* to January 17, 2018 through the date of entry of such final order or, at a minimum, at least through June 30, 2018 to provide for funding of fringe benefit contributions in the aggregate amount of $230,000.00.

9. The Funds have completed audits of Debtor's books and records covering the time period January 1, 2015 to April 14, 2018. See copies of audits attached to the Funds' supplement to Motion and Brief Under 11 USC §1113(f) Compelling Debtor to Comply With requirements of Collective Bargaining Agreement and for Other Relief. See D.E. #92. Those audits have confirmed, among other things, that the post-petition administrative expense for fringe benefit contributions covering the time period January 14, 2018 through April 14, 2018 amounts to $51,349.83 as to the National Funds and $72,869.87 as to the Local Funds, and $124,219.70 in the aggregate. That indebtedness covers a period of three months. Thus, by extrapolation, the average monthly requirement for fringe benefit contributions to the Local Funds is approximately $24,300.00 and approximately $17,100.00 the National Funds. The Debtor is obligated to fund fringe benefit contributions through, as of the date hereof, at least June 30, 2018. Thus, the Debtor's budget must be amended *nunc pro tunc* to January 17, 2018 to provide authorization for the use of cash collateral for fringe benefit contributions through June 30, 2018 in the monthly amount of at least $42,000.00 and in the aggregate amount of at least $230,000.00.

WHEREFORE, the Funds request that any final order authorizing the Debtor's use of cash collateral authorize the Debtor to use such cash collateral to pay fringe benefit contributions going forward, as well as *nunc pro tunc* to January 17, 2018 through the date of entry of such final order or, at a minimum, at least through June 30, 2018 to provide for funding of fringe benefit contributions in the aggregate amount of at least $230,000.00.

Respectfully submitted,

SUGARMAN & SUSSKIND, P.A.

*/s/ D. Marcus Braswell, Jr.*
D. MARCUS BRASWELL, JR. (146160)
Local Counsel for the Funds
100 Miracle Mile, Suite 300
Coral Gables, FL 33134
305-529-2801
mbraswell@sugarmansusskind.com

-and-

MADDIN, HAUSER, ROTH & HELLER, P.C.

*/s/ David M. Eisenberg*
CRAIG E. ZUCKER (P39907)
DAVID M. EISENBERG (P68678)
Counsel for the Funds
28400 Northwestern Hwy., 2nd Floor
Southfield, MI 48034
248-354-4030
czucker@maddinhauser.com
deisenberg@maddinhauser.com

DATED: June 6, 2018

## **CERTIFICATE OF SERVICE**

I CERTIFY that on this 6th day of June, 2018, a true and correct copy of the foregoing **Rule 2004 Notice** has been served through the CM/ECF system to all registered CM/ECF recipients.

By: _/s/ D. Marcus Braswell, Jr._  
D. MARCUS BRASWELL, JR.
